JOSEPH McLEAN *vs.* WILLIAM S. COLE.

Suffolk.    November 17, 1899. — November 29, 1899.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries occasioned by Falling from a Staging — Negligence.*

At the trial of an action for personal injuries occasioned to the plaintiff by falling from a staging, which had just been built of new material under the direction of the defendant, and which was such as was commonly used for the purpose, it appeared that the plaintiff, who was a carpenter of experience, assisted in

building it and made no objection to its sufficiency, and that while he was upon it and in the act, with a fellow workman, of removing the gutter from the building "the gutter threw him back, and with the swinging and shaking of the staging he let the gutter go, in trying to save himself or to get hold of the building, which he could not do, and fell to the ground." The staging remained standing, and there was evidence that a stay to one of the upright posts was broken, how or when not appearing, and that a piece of split wood from the wood pile was put under one of the posts; but it did not appear that either had anything to do with the accident. *Held*, that the plaintiff could not recover.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration contained three counts, the first at common law and the other two under the employers' liability act, St. 1887, c. 270. Trial in the Superior Court, before *Lilley*, J., who, at the close of the plaintiff's case, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*G. A. O. Ernst*, for the plaintiff.

*G. W. Buck*, for the defendant.

MORTON, J. The plaintiff was injured by falling from a staging. It appears that the staging had just been built under the direction of the defendant, and that the material was new and such as was commonly used for the purpose. The plaintiff, who was a carpenter of twelve or thirteen years' experience, and who was to use it, assisted in building it and made no objection to its sufficiency. While the plaintiff was upon it and in the act with one Beal, a fellow workman, of removing the gutter from the building, "the gutter threw him back, and with the swinging and shaking of the staging he let the gutter go, in trying to save himself or to get hold of the building, which he could not do, and fell to the ground." This is the plaintiff's account of the way in which the accident happened. The staging did not fall, but continued to stand. There was evidence that one of the stays to one of the upright posts was broken; one of the posts rested on a piece of split wood on the ground taken from the wood pile, though how or when does not appear. There was also evidence that a piece of split wood from the wood pile was put under one of the posts in the ground. But it does not appear that either this or the broken stay had anything to do with the accident. The accident seems to have been due to the unexpected ease with which the gutter came off in consequence of the force which

was being applied to it by the plaintiff and Beal, and which caused the plaintiff to lose his balance and fall. Naturally the staging was not as firm as the solid earth, and it was more difficult for the plaintiff to recover his balance than it would have been upon the ground. But we do not think that in building the staging the defendant was bound to anticipate the strain to which it was subjected by reason of the unexpected wrench which occurred in taking off the gutter.

*Exceptions overruled.*